E-FILED
Thursday, 17 May, 2007  10:22:41 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 3:07-cv-03047-RM-CHE |
| MARY B. DEMASCAL and JOSEPH M. DEMASCAL, | ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR ENTRY OF ORDER DIRECTING PAYMENT OF LIFE INSURANCE PROCEEDS AND FOR DISMISSAL OF CASE**

The Prudential Insurance Company of America, Mary B. Demascal, and Joseph M. Demascal, by and through their respective counsel, jointly move for entry of an Order, directing payment of life insurance proceeds, and for dismissal of the case pursuant to Fed.R.Civ.P. 41(a)(1), and in support stipulate and agree as follows:

1.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2.   This Court has personal jurisdiction over the parties to this matter.

3.   Prior to his death, Joseph E. Demascal, deceased, was insured under 3 life insurance policies issued to him by Prudential: (a) Policy 36 919 084, which had a total death benefit of $23,980.54 as of June 24, 2006 ("Policy 36"); (b) Policy 46 019 383, which had a total death benefit of $3,834.83 as of June 24, 2006 ("Policy 46"); and (c) Policy 76 407 235, which had a total death benefit of $53,670.33 as of June 24, 2006 ("Policy 76") (collectively "Policies").

4.   Prior to June 14, 2006, Mary B. Demascal was the named primary beneficiary of each of the Policies.

363926.1

5. On or before June 13, 2006, Prudential received a Change of Beneficiary on Life Insurance Policies form dated June 7, 2006, bearing the signature of Joseph E. Demascal, which sought to change the primary beneficiary for each of the Policies to Joseph M. Demascal ("Change of Beneficiary form").

6. Prudential wrote to Joseph E. Demascal on June 13, 2006, concerning the Change of Beneficiary form, and advised him that the change of beneficiary on Policy 46 had been completed, but that Prudential was unable to complete the change of beneficiary requested for Policy 36 and Policy 76 because the policy numbers listed on the form were inserted without being initialed.

7. Joseph E. Demascal died on June 24, 2006.

8. On July 20, 2006, Prudential paid $3,834.83 to Joseph M. Demascal as primary beneficiary of Policy 46.

9. Under the terms of Policy 36 and Policy 76, and on account of the death of the insured, Joseph E. Demascal, Prudential became obligated to pay death benefits due under those policies ("Proceeds"), and Mary B. Demascal and Joseph M. Demascal each presented to Prudential conflicting, adverse demands to the Proceeds.

10. Based on the conflicting, adverse demands to the Proceeds, on February 9, 2007, Prudential filed its Complaint for Interpleader Relief against Mary B. Demascal and Joseph M. Demascal, seeking, among other things, to deposit into the registry of the Court the Proceeds with interest accrued and a discharge of Prudential from any further liability under Policy 36 and Policy 76.

11. Mary B. Demascal has since withdrawn her demand to the Proceeds and has released any interest she may have to the Proceeds and under the Policies, and has stipulated and agreed to Prudential's payment of the Proceeds with interest accrued to Joseph M. Demascal. A

true and correct copy of the May 4, 2007 Waiver and Release by Mary B. Demascal is attached as **Exhibit A** and is incorporated fully herein by reference.

12. Mary B. Demascal also has filed a Motion to Withdraw Response to Complaint for Interpleader (Docket #11), seeking an Order allowing her to withdraw her response to Prudential's Complaint and to dismiss her as a party to this Lawsuit.

13. With this Joint Motion, the parties tender to the Court a proposed Agreed Order, attached as **Exhibit B**, which, among other things, grants this Joint Motion, orders Prudential to pay the proceeds with interest accrued to Joseph M. Demascal, discharges Prudential from further liability and enjoins any future claims against Prudential, and dismisses this action in its entirety with prejudice with each side to bear their own costs and attorneys' fees.

WHEREFORE, the parties respectfully request that the Court grant this Joint Motion, enter the proposed Agreed Order, attached as Exhibit B, and award such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

| The Prudential Insurance Company of America, Plaintiff | Mary B. Demascal, Defendant |
|---|---|
| By: */s/ Jason M. Kuzniar* | By: */s/ Daniel M. Franklin* |
| One of its attorneys | One of her attorneys |
| Daniel J. McMahon, Esq.<br>Jason M. Kuzniar, Esq.<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>120 N. LaSalle St., Suite 2600<br>Chicago, IL 60602<br>Tel: 312-704-0550<br>Fax: 312-704-1522<br>Jason.Kuzniar@wilsonelser.com | Daniel M. Franklin, Esq.<br>THE FRANKLIN LAW OFFICE<br>123 E. Third St.<br>Pana, IL 62557<br>Tel: 217-562-5077<br>Fax: 217-562-5129<br>danfranklin@consolidated.net |

363926.1

**Joseph M. Demascal, Defendant**

By: */s/ Steve W. Kinion*

One of his attorneys

Steve W. Kinion, Esq.
ZACK STAMP, LTD.
601 W. Monroe St.
Springfield, IL 62704
Tel: 217-525-0700
Fax: 217-525-0780
skinion@601w.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certify that on May 17, 2007, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Daniel M. Franklin, Esq. (danfranklin@consolidated.net)

Steve W. Kinion, Esq. (skinion@601w.com, scampton@601w.com)

/s/ Jason M. Kuzniar
Jason M. Kuzniar

363926.1

## WAIVER AND RELEASE

This is a Waiver and Release ("Agreement") made by Mary B. Demascal ("Mary") in favor of The Prudential Insurance Company of America ("Prudential"), dated below.

WHEREAS, prior to his death, Joseph E. Demascal, deceased, was insured under 3 life insurance policies issued to him by Prudential: (a) Policy 36 919 084, which had a total death benefit of $23,980.54 as of June 24, 2006 ("Policy 36"); (b) Policy 46 019 383, which had a total death benefit of $3,834.83 as of June 24, 2006 ("Policy 46"); and (c) Policy 76 407 235, which had a total death benefit of $53,670.33 as of June 24, 2006 ("Policy 76") (collectively "Policies");

WHEREAS, prior to June 14, 2006, Mary was the named primary beneficiary of each of the Policies;

WHEREAS, on or before June 13, 2006, Prudential received a Change of Beneficiary on Life Insurance Policies form dated June 7, 2006, bearing the signature of Joseph E. Demascal, which sought to change the primary beneficiary for each of the Policies to Joseph M. Demascal ("Change of Beneficiary form");

WHEREAS, Prudential wrote to Joseph E. Demascal on June 13, 2006, concerning the Change of Beneficiary form, and advised him that the change of beneficiary on Policy 46 had been completed, but that Prudential was unable to complete the change of beneficiary requested for Policy 36 and Policy 76 because the policy numbers listed on the form were inserted without being initialed;

WHEREAS, Joseph E. Demascal died on June 24, 2006;

WHEREAS, on July 20, 2006, Prudential paid $3,834.83 to Joseph M. Demascal as primary beneficiary of Policy 46;

WHEREAS, under the terms of Policy 36 and Policy 76, and on account of the death of the insured, Joseph E. Demascal, Prudential became obligated to pay death benefits due under those policies ("Proceeds") and Mary and Joseph M. Demascal each presented to Prudential conflicting, adverse demands to the Proceeds (the "Dispute");

WHEREAS, on February 9, 2007, in connection with the Dispute, Prudential filed a Complaint for Interpleader Relief against Mary and Joseph M. Demascal in the United States District Court for the Central District of Illinois (Case No. 3:07-cv-03047), seeking, among other things, to deposit into the registry of the Court the Proceeds with interest accrued and a discharge of Prudential from any further liability under Policy 36 and Policy 76 (the "Lawsuit");

NOW, THEREFORE, Mary stipulates and agrees as follows:

1.      Mary, for herself and her executors, administrators, beneficiaries, assigns, heirs, successors, predecessors, representatives, agents, and attorneys, hereby withdraws any and all claims or demands to the Proceeds or under the Policies, and all such claims or demands are null and void and of no effect.

364003.1

2. Mary, for herself and her executors, administrators, beneficiaries, assigns, heirs, successors, predecessors, representatives, agents, and attorneys, waives in whole any and all interest she has or may have in the Proceeds and under the Policies, and releases in whole any and all rights she has or may have in the Proceeds and under the Policies.

3. Mary, for herself and her executors, administrators, beneficiaries, assigns, heirs, successors, predecessors, representatives, agents, and attorneys, releases and forever discharges Prudential, and each of its agents, servants, employees, subsidiaries, parents, affiliates, directors, officers, administrators, predecessors, representatives, attorneys, fiduciaries, and assigns, and each and every one of them, from any and all claims, actions, demands, damages, expenses, and compensation whatsoever arising from or related to the Policies, the Proceeds, the Dispute, and the claims asserted or that could have been asserted in the Lawsuit.

4. Prudential shall dismiss Mary from the Lawsuit and shall pay the entire Proceeds with interest accrued to Joseph M. Demascal.

5. Mary warrants that she is the sole owner of the rights asserted in the Dispute and that no assignment of any of those rights have been made. Mary agrees to indemnify, defend and hold harmless Prudential as to any claims (including but not limited to attorneys' fees and costs arising from such claims) brought by any executor, administrator, beneficiary, assignee, heir, successor, predecessor, representative, agent, attorney, lien holder, creditor or trustee, seeking recovery for any damages arising from or related to Mary's rights or interest in the Policies, the Proceeds, the Dispute, and the claims asserted or that could have been asserted in the Lawsuit.

6. Transmission of a signed Agreement by facsimile shall constitute receipt of an original signed Agreement by mail.

7. This Agreement shall be governed by the internal laws of the State of Illinois without regard to conflict of law principles.

8. Mary warrants that she has the authority and legal capacity to enter into this Agreement, and that she has been represented, or has had the opportunity to be represented, by her own attorney in connection with the Dispute, the Lawsuit, this Agreement, and all other matters and documents referred to herein and all related matters.

**Mary B. Demascal**

*/s/ Mary B Demascal*

Date: May 4, 2007.

SUBSCRIBED and SWORN to
before me this 4th day of
May, 2007.

*/s/ Shelley K. Johren*
Notary Public

2

364003.1

E-FILED
Thursday, 17 May, 2007   10:24:57 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARY B. DEMASCAL and JOSEPH M. DEMASCAL, <br><br> Defendants. | Case No. 3:07-cv-03047-RM-CHE |

**AGREED ORDER**

This cause coming before this Court on the Joint Motion of the parties for entry of an Order, directing payment of life insurance proceeds, and for dismissal of the case pursuant to Fed.R.Civ.P. 41(a)(1), and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

1. The Court incorporates and adopts the Joint Motion and the terms defined therein.

2. The Joint Motion is granted.

3. Prudential is ordered to pay the entire Proceeds with interest accrued to Joseph M. Demascal.

4. Upon payment of the Proceeds with interest accrued to Joseph M. Demascal, Prudential and each of its agents, servants, employees, subsidiaries, parents, affiliates, directors, officers, administrators, predecessors, representatives, attorneys, fiduciaries, and assigns, and each and every one of them, are forever discharged and held harmless from any claims by any putative beneficiaries or others under the Policies or to the Proceeds.  Claimants are perpetually restrained and enjoined from instituting or prosecuting any proceedings against Prudential, and each of its agents, servants, employees, subsidiaries, parents, affiliates, directors, officers,

363926.1

administrators, predecessors, representatives, attorneys, fiduciaries, and assigns, and each and every one of them in any way relating to the Policies or the Proceeds, said injunction to issue without bond or a surety.

      3.      All liens against the Proceeds asserted against Prudential by or on behalf of the claimants or any other party in this case, including any and all attorneys' liens, costs, fees, and charges are hereby resolved and of no force or effect.

      4.      All matters having been concluded, this action is dismissed in its entirety with prejudice with each side to bear their own costs and attorneys' fees.

      **IT IS SO ORDERED this _____ day of May, 2007.**

      _____
      **THE HONORABLE RICHARD MILLS**
      **UNITED STATES DISTRICT JUDGE**

363926.1